UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARTY CALDERON :
     Plaintiff :
:
v. :
: Civil Action No. 3:07cv1476
STATE OF CONNECTICUT, :
COMMISSIONER of the DEPARTMENT :
OF LABOR, and RICHARD BOWDEN :
     Defendants :

## ORDER OF DISMISSAL

Marty Calderon brought this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 pro se[1] and in forma pauperis. For the reasons set forth below, the complaint is dismissed.

**I.    Background**

Calderon alleges that the Defendants, the state of Connecticut, the Commissioner of the Connecticut Department of Labor (DOL) and DOL hearing examiner Richard Bowden, discriminated against her on the basis of her race, gender, and disability status in the adjudication of a "wage enforcement" claim and her claim for unemployment benefits, and denied her fair hearings in violation of various constitutional rights. According to Calderon's complaint and annexed documents, her previous employment with a Connecticut lawyer terminated after she moved from Connecticut to New York and informed the lawyer that it was difficult for her to continue commuting to Connecticut for work. Bowden found that Calderon voluntarily left suitable employment, and thus that she was not entitled to unemployment benefits.

---

[1] Calderon is, however, a law school graduate.

Calderon claims that denial of her claim for unemployment benefits has prevented her from engaging in a thorough job search in New York, and that consequently additional constitutional rights have been violated. Calderon further claims that she thereby suffered intentional infliction of emotional distress.

Calderon appealed Bowden's benefits denial to the Employment Security Appeals Division within the DOL and her claim was again denied.

**II.     Legal Standard**

Pursuant to 28 U.S.C. § 1915 (e)(2)(B) "the court shall dismiss the case at any time if the court determines that . . . .the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000). For example, "claims in which the defendants are clearly immune from suit . . . would be considered indisputably meritless." Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990). In addition, "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). See, e.g., Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) ("If subject matter jurisdiction is lacking, the action must be dismissed .")

**III.    Discussion**

    **A.     Immunity under Eleventh Amendment and Sovereign Immunity**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."
U.S. Const. amend. XI. Such immunity extends to agencies and officers acting in their official capacities on behalf of the State. See, e.g., Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). 42 U.S.C. §§ 1981, 1983, 1985, and 1986 do not abrogate the Eleventh Amendment immunity of the States. See Quern v. Jordan, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (§ 1983); Evans v. New York State Dept. of Health, Nos. 98-7160L, 98-7930 CON, 1999 WL 568052, at *1 (2d Cir. July 30, 1999) (§§ 1981, 1983, 1985).

"[A] plaintiff may sue a state official acting in his official capacity-notwithstanding the Eleventh Amendment-for prospective, injunctive relief from violations of federal law." In re Deposit Ins. Agency, 482 F.3d 612, 617 (2d Cir. 2007) (internal quotation marks omitted); see also Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Calderon requests injunctive relief to prohibit the DOL "from denying her right to unemployment compensation." This amounts to an appeal of the DOL's eligibility determination and a request for retrospective relief rather a request for prospective injunctive relief. See Edelman v. Jordan, 415 U.S. 651, 670, 94 S.Ct. 1347, 1359 (1974) (holding that the Eleventh Amendment bars payment of benefits found to have been wrongfully withheld in the past).

Similarly, under Connecticut law, "[t]he state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." White v. Burns, 213 Conn. 307, 312 (1990).[2] This immunity extends to state officials sued in their

---

[2] While Connecticut permits appeals from unemployment decisions of the DOL, this does not amount to a waiver of immunity for all claims related to the unemployment claim review process. See Bloom v. Department of Labor, 93 Conn. App. 37, 40-41, 888 A.2d 115, 118 (Conn.

official capacities. Fetterman v. University of Connecticut, 192 Conn. 539, 473 A.2d 1176 (Conn. 1984).

Accordingly, Calderon's federal and state law claims against the State of Connecticut and against the Commissioner of the DOL and Bowden in their official capacities are dismissed in their entirety.

B.   **Absolute Immunity for Quasi-Judicial Actors**

Courts have recognized two forms of immunity: absolute and qualified. See Buckley v. Fitzsimmons, 509 U.S. 259, 268, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). "The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties," and hence courts are "quite sparing" in their recognition of absolute immunity. Burns v. Reed, 500 U.S. 478, 486- 87, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (citations omitted). Absolute immunity is accorded to judges functioning in their official capacities and is extended to officials of government agencies "performing certain functions analogous to those of" a judge. Butz v. Economou, 438 U.S. 478, 515, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (extending absolute immunity to federal administrative agency officials functioning in role similar to prosecutor). In considering whether the procedures used by the agency are sufficiently similar to judicial process to warrant a grant of absolute immunity, courts employ a "functional approach." Cleavinger v. Saxner, 474 U.S. 193, 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

Six factors are key to determining whether administrative officials share enough of the

---

App. 2006) (holding that, with regard to unemployment compensation claims, sovereign immunity was only waived for purposes of judicial review pursuant to the statutory scheme set forth in Conn. General Statutes §§ 31-241 through 31-249).

characteristics of the judicial process to be granted absolute immunity:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

Cleavinger, 474 U.S. at 202, 106 S.Ct. 496 (citing Butz, 438 U.S. at 512, 98 S.Ct. 2894). See also Carrubba v. Moskowitz, 274 Conn. 533, 542, 877 A.2d 773, 781 (Conn. 2005) (adopting Butz factors to determine whether a defendant is entitled to absolute immunity).

Once a court determines that an official was functioning in a core judicial capacity, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff" and regardless of motive. Cleavinger, 474 U.S. at 199-200, 106 S.Ct. 496 (internal quotations and citations omitted).

In Connecticut, review of claims for unemployment benefits is a quasi-judicial process. Claims are initially heard by an "examiner" designated by the Commissioner of the DOL. Conn. Gen. Stat. § 31-241. Where eligibility for unemployment benefits is unclear, the examiner conducts a "predetermination hearing." Regs. of Conn. State Agencies (hereinafter "Conn. Regs.") § 31-244-2a. At the hearing, the examiner hears "evidence or testimony presented in such a manner as the administrator shall prescribe, including in person, in writing, by telephone or by other electronic means at a hearing called for such purpose." Conn. Gen. Stat. § 31-241; see also Conn. Regs. § 31-244-3a (describing procedures for predetermination hearings). At such a hearing the claimant and employer have "(1) the right to be represented by any person, including an attorney; (2) the right to present evidence, documents and witnesses; and (3) the right to cross-examine witnesses and parties, so long as the Administrator deems such

-5-

cross-examination to be appropriate and relevant." Conn. Regs. § 31-244-3a (g). Hearings are informal and the common law rules of evidence do not apply. Conn. Regs. § 31-244-8a. However, the examiner may exclude "incompetent, irrelevant, unduly repetitious or otherwise improper" material and the examiner must "accurately summarize and record in writing the relevant statements of both parties and any witnesses in a predetermination hearing and . . . use best efforts to verify that the statement accurately reflects the parties' testimony." Id.

The examiner then evaluates claims "on the basis of the facts found by him," to determine eligibility for benefits. Conn. Gen. Stat. § 31-241. The examiner is required to issue a decision setting forth the reasons supporting that decision and the availability of an appeal. Id. No examiner may "participate in any case in which he is an interested party." Id. A benefits determination is subject to three levels of appeal: A first appeal is before a referee in the Employment Security Appeals Division. Conn. Gen. Stat. § 31-237j. A second appeal is before the Employment Security Board of Review (the "Board"). Conn. Gen. Stat. § 31-249. Finally, an appeal to the Superior Court of the state of Connecticut is also possible. Conn. Gen. Stat. § 31-249b.

Decisions of the referees and the Board have precedential effect: "Final decisions of the Referees and the principles of law declared in their support shall be binding upon the Administrator and shall further be persuasive authority in subsequent Referee proceedings. Final decisions of the Board shall be binding as precedent in all subsequent proceedings involving similar questions." Conn. Regs. § 31-237g-6. Decisions of the Board may be appealed to the state Superior Court. Conn. Gen. Stat. § 31-249b.

Thus, the unemployment proceedings of the DOL contain safeguards that reduce the need

for private damages actions as a means of controlling unconstitutional conduct; are insulated from political influence; rely on precedent and have precedential effect; are adversarial in nature; and contain multiple layers of appellate review to correct any errors. Furthermore, as Calderon's repeated complaints against the DOL illustrate,[3] there is a "need to assure that the individual can perform his functions without harassment or intimidation." Accordingly, the unemployment proceedings of the DOL share enough of the characteristics of the judicial process to be entitled to absolute quasi-judicial immunity. Cf. White v. Martin, 26 F. Supp.2d 385, 390 (D. Conn. 1998) (holding that CHRO reasonable cause determinations were adjudicatory functions entitled to absolute immunity); Petyan v. Ellis, 200 Conn. 243, 510 A.2d 1337 (1986) (holding that the employment security division of the labor department acts in a quasi-judicial capacity when it handles claims for unemployment compensation) superseded by statute on other grounds as recognized in Chadha v. Charlotte Hungerford Hosp., 272 Conn. 776, 865 A.2d 1163 (2005). Thus, Calderon's federal and state law claims against the Commissioner of the DOL and Bowden in their individual capacities are dismissed.

**IV.    Conclusion**

Accordingly, Calderon's complaint is dismissed.

SO ORDERED this ___24___ day of October 2007, at Hartford, Connecticut.

        /s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

[3] See Calderon v. Commissioner Conn. Dept. Of Labor, 3:05-cv-00710-MRK.